# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-1884
Lower Tribunal No. 2022-CF-002112

_____

JORGE LUIS AUDINOT LUGO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
Tanya Davis Wilson, Judge.

August 14, 2026

PER CURIAM.

AFFIRMED. *See Griffin v. State*, 639 So. 2d 966, 968 (Fla. 1994) ("[E]vidence of uncharged crimes which are inseparable from the crime charged, or evidence which is inextricably intertwined with the crime charged, is not *Williams* rule evidence. It is admissible under section 90.402 because 'it is a relevant and inseparable part of the act which is in issue . . .. [I]t is necessary to admit the evidence to adequately describe the deed.'" (quoting Charles W. Ehrhardt, Florida *Evidence* § 404.17 (1993 ed.))); *Ruiz v. State*, 286 So. 3d 338, 340 (Fla. 5th

DCA 2019) ("Evidence that a defendant was racing at the time of an accident is a sufficient basis to find that the defendant was operating his vehicle in a reckless manner."); *Pozo v. State*, 963 So. 2d 831, 833–34 (Fla. 4th DCA 2007) (explaining that "grossly excessive speed alone" can support a finding of reckless conduct and finding trial court did not err by rejecting a special jury instruction stating that speed alone is insufficient to prove vehicular homicide); *Luzardo v. State*, 147 So. 3d 1083, 1089 (Fla. 3d DCA 2014) ("We decline to rest our decision on the 'excessive speed alone . . .' jingle.  If Luzardo had been traveling at a speed of 120 miles per hour at the time of the accident, our decision might be different.  'Judgment by jingle' is a perilous exercise, but if there must be a jingle in this area of the law, we would prefer, 'Speed alone is not enough, except when it is.'").

NARDELLA, KAMOUTSAS and PRATT, JJ., concur.


Michelle Yard, of Law Office of Michelle Yard, PLLC, Orlando, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Bureau Chief, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY  FILED

2